# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMIR YUSEF RAHEEM MOSES, | Civil Action No. 18-14651 (KSH) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

*Pro se* petitioner Samir Yusef Raheem Moses, a prisoner confined at the United States Penitentiary, Tucson in Tucson, Arizona, seeks to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (*See* ECF No. 1.) Local Civil Rule 81.2 provides:

> Unless prepared by counsel, . . . motions under 28 U.S.C. §2255 shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner Moses did not use the habeas form supplied by the Clerk for § 2255 motions, *i.e.*, AO 243 (modified): DNJ-Habeas-004 (Rev. 01-2014). The form he used does not include a declaration that the motion contains all the grounds for relief that he is raising, and that he understands the failure to set forth all grounds may bar him from presenting additional grounds at a later date. (*See* ECF No. 1.)

IT IS therefore on this __21st__ day of November, 2018,

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case. Moses is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v.*

1

*Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs[.]"); and it is further

**ORDERED** that the Clerk shall forward Moses a blank form for a Motion Under 28 U.S.C. § 2255 – AO 243 (modified): DNJ-Habeas-004 (Rev. 01-2014); and it is further

**ORDERED** that the Clerk's service of the blank section 2255 form shall not be construed as this Court's finding that his habeas motion is or is not timely, or that the claims are or are not procedurally defaulted; and it is further

**ORDERED** that if Moses wishes to reopen this case, he shall so notify the Court, in writing, within 30 days of the date of entry of this Memorandum and Order, and his writing shall include a complete, signed § 2255 motion on the appropriate form; and it is further

**ORDERED** that upon receipt of a writing from Moses stating that he wishes to reopen this case, and a complete, signed § 2255 motion on the requisite form, the Clerk will be directed to reopen this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order and the appropriate blank § 2255 motion form, *i.e.*, AO 243 (modified): DNJ-Habeas-004 (Rev. 01-2014), upon Moses by regular mail.

s/
**Katharine S. Hayden**
United States District Judge

So Ordered
11/21/2018