# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMIR YUSEF RAHEEM MOSES, | Civil Action No. 18-14651 (KSH) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

1. *Pro se* petitioner Samir Yusef Raheem Moses ("Moses") now moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct the criminal sentence imposed on him by this Court on April 17, 2007. (*See* Am. § 2255 Mot., ECF No. 3.) Moses's present § 2255 motion, however, is a second or successive habeas application that he filed without authorization from the Third Circuit. As such, this Court does not have jurisdiction to consider the merits of the claims he has raised. *See* 28 U.S.C. § 2244(b)(3)(A), § 2255(h). The facts and legal considerations set forth below confirm that dismissal of the present habeas matter is appropriate, and that it does not appear to be in the interest of justice to transfer this matter to the Court of Appeals. *See* 28 U.S.C. § 1631.

2. On September 21, 2006, Moses pled guilty in his related criminal matter, *United States v. Moses*, Criminal Action No. 03-844-09 (KSH) (Moses's "Criminal Matter"), to one count of racketeering, in violation of 18 U.S.C. § 1962(c). (*See* April 17, 2007 Crim. J., Criminal Matter at ECF No. 662.) On April 17, 2007, the Court sentenced Moses to 336 months' imprisonment followed by five years of supervised release. (*See id.*)

1

3. On or about September 29, 2008, Moses filed his first § 2255 motion seeking relief from the Court's April 17, 2007 sentence in a related habeas matter, *Moses v. United States*, Civil Action No. 08-4837 (KSH) (Moses's "2008 Habeas Motion" in his "First § 2255 Matter").

4. On October 29, 2008, the Court, in the First § 2255 Matter, advised Moses of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), to, *inter alia*, affirmatively opt to have his 2008 Habeas Motion unequivocally construed "as a Section 2255 motion and heard [by the Court] as such." (*See* Oct. 29, 2008 Notice and Order, First § 2255 Matter at ECF No. 2.) At that time, the Court expressly informed Moses that if he chose to proceed in this manner "[he would be unable] to file a second or successive [§ 2255] pleading absent Certification by the Court of Appeals." (*See* Oct. 29, 2008 Notice and Order, First § 2255 Matter at ECF No. 2.) The record of subsequent proceedings in the First § 2255 Matter confirms that Moses elected to have the Court construe his 2008 Habeas Motion "as a Section 2255 motion[.]" (*See, e.g.*, Dec. 10, 2009 Hr'g Tr. 4, First § 2255 Matter at ECF No. 13.)

5. On July 26, 2010, the Court entered an Order formally denying habeas relief to Moses in the First § 2255 Matter. (*See* First § 2255 Matter at ECF No. 15.) That Order expressly incorporated the rulings which the Court made from the bench on December 10, 2009, *i.e.*, the Court's "Bench Opinion." (*Id.*) The Third Circuit affirmed this Court's denial of habeas relief to Moses in the First § 2255 Matter on February 13, 2013. (*See* First § 2255 Matter at ECF No. 32.)

6. As the foregoing makes clear, Moses's 2008 Habeas Motion – which, again, was filed in the First § 2255 Matter on September 29, 2008 – was adjudicated and dismissed on the merits.

7. On or about October 4, 2018, Moses initiated the present § 2255 action. (*See* § 2255 Mot., ECF No. 1.) On or about December 20, 2018, Moses filed his pertinent § 2255 pleading. (*See* Am. § 2255 Mot., ECF No. 3 (hereinafter, the "Present § 2255 Motion").)

8. Moses's Present § 2255 Motion challenges the same 2007 criminal conviction that Moses challenged in his 2008 Habeas Motion. Moses has not presented the Court with any basis to conclude that he received authorization from the Third Circuit to file the Present § 2255 Motion, notwithstanding that his current habeas pleading is clearly "[a] second or successive motion[,]" *see* 28 U.S.C. § 2255(h), and that the Court expressly informed Moses that he could not file a second or successive § 2255 motion "absent Certification by the Court of Appeals." (*See* First § 2255 Matter at ECF No. 2.) The Court also independently searched for – and was likewise unable to locate – any document which suggests that: (i) Moses previously applied to the Third Circuit for authorization to file the Present § 2255 Motion; or (ii) Moses otherwise obtained prior authorization from the Court of Appeals to apply for habeas relief in this Court based on the specific claims asserted in his current § 2255 motion.[1]

9. Pursuant to 28 U.S.C. § 2244(a):

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus . . . pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in [28 U.S.C. §] 2255.

---

[1] The Court is aware – based on its independent review of publicly available court records – that on June 13, 2017, the Third Circuit entered an Order denying "Moses's application under 28 U.S.C. §§ 2244 and 2255(h) for leave to file a second or successive § 2255 motion . . . to challenge his sentence on the ground that the definition of 'crime of violence' contained in the residual clause of U.S.S.G. § 4B1.2(a)." *See Moses v. United States*, No. 17-1231 (3d Cir. June 13, 2017). That particular habeas claim, however, is not again asserted in Moses's Present § 2255 Motion.

3

10. Under U.S.C. § 2255(e):

> An application for a writ of habeas corpus [under § 2255] shall not be entertained if it appears that . . . the court which sentenced [petitioner] . . . has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

11. Pursuant to 28 U.S.C. § 2255(h):

> A second or successive motion [seeking § 2255 habeas relief] must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals . . . .

12. Likewise, pursuant to 28 U.S.C. § 2244(b)(3)(A):

> Before a second or successive [habeas] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

13. As the foregoing statutory provisions confirm, a habeas petitioner may file a second or successive § 2255 motion only if he first obtains an order from the appropriate circuit court authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)((3)(A); *id.* at § 2255(h). Absent such authorization, this Court lacks jurisdiction to address the merits of a successive or second § 2255 motion. *See, e.g., Taylor v. Nelson*, No. 14-4968, 2016 WL 35474, at *3 (D.N.J. Jan. 28, 2016) (citing 28 U.S.C. § 2244(b)(4)).

14. Here, it is clear that Moses did not receive permission from the Third Circuit to file the Present § 2255 Motion. Accordingly, this Court must now either dismiss Moses's current habeas application for lack of subject matter jurisdiction or transfer his habeas application to the Third Circuit. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals"); *see also* 28 U.S.C. § 1631 (whenever a civil action is filed in a court that lacks

jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed.").

15. In deciding whether it is in the interest of justice to transfer the Present § 2255 Motion, this Court must consider whether Moses asserts any claims therein that are based upon newly discovered evidence or a new rule of constitutional law. *Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010) (citing 28 U.S.C. § 2255(h)). None of the three claims advanced in the Present § 2255 Motion satisfies this standard.

16. In his present habeas motion, Moses claims: (i) "the superseding indictment charged a predicate offense that he had not been convicted of to prosecute the racketeering charge [that Moses pled guilty to on September 21, 2006,]" (*see* Am. § 2255 Mot. at Ground Two); (ii) there was "plain error in his [pre-sentence report ("PSR")] criminal history points calculation[,]" (*id.* at Ground One); and, relatedly (iii) "the PSR calculation [improperly contained] an extra 2 point[s] for a receiving stolen property [charge] that is still[, over ten years later,] pending in state court." (*Id.* at Ground Three.)

17. The only one of these claims that is purportedly based on newly discovered evidence is Ground Two. (*Id.* at p. 11 ¶ 13). The plain language of that claim, *i.e.*, that "the superseding indictment charged a predicate offense that [Moses] had not been convicted of[,]" demonstrates that this claim is not based on newly discovered evidence; this information would have instead been available to Moses immediately after that superseding indictment was handed down.

18. Moreover, none of Moses's current habeas claims is based on a new rule of constitutional law. In the lone case cited by Moses in the Present § 2255 Motion, *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), the Supreme Court held that "[w]hen a criminal conviction is

5

invalidated by a review court and no retrial will occur, . . . the State [is] obliged to refund fees, court costs and restitution exacted from the defendant upon, and as a consequence of, the conviction." *Id.* at 1253. *Nelson* does not set forth "a newly announced substantive rule of law." *Martin v. United States*, No. RDB-18-0029, 2018 WL 1626578, at *2 (D. Md. Apr. 4, 2018). Accordingly, it does not appear to be "in the interest of justice" to transfer this matter to the Third Circuit.[2] *See* 28 U.S.C. § 1631.

19. In light of the foregoing considerations, the Court – which, again, does not have subject matter jurisdiction over the claims advanced in the Present § 2255 Motion – will dismiss Moses's present § 2255 action. *Robinson*, 313 F.3d at 139; *see also Hatches*, 381 F. App'x at 137 (affirming the district court's dismissal of a second or successive petition brought pursuant to § 2255). An appropriate Order accompanies this Memorandum Opinion.

Dated: January 10, 2019

KATHARINE S. HAYDEN
United States District Judge

---

[2] The Court's determination on this issue in no way precludes Moses from independently seeking permission from the Third Circuit to file the Present § 2255 Motion.